UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

      Plaintiff,

                                        Criminal Case No. 14-20193
v.                                     Honorable Linda V. Parker

KEON LARD,

      Defendant.
_____/

## **OPINION AND ORDER**

This matter presently is before the Court on Defendant's 28 U.S.C. § 2255 motion to vacate his convictions for one count of being a felon in possession of a firearm and one count of being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

A jury convicted Defendant on April 28, 2015, and on November 10, 2015, this Court sentenced Defendant to sixty-six months' imprisonment on each count, to be served concurrently. The Sixth Circuit Court of Appeals affirmed Defendant's convictions and sentence on direct appeal in an order entered October 17, 2016. A month later, on November 18, 2016, Defendant filed the pending § 2255 motion. (ECF No. 59.) Defendant also has filed motions for the production of Criminal Justice Act ("CJA") Form 20 (ECF Nos. 63, 64), a request for appointment of counsel (ECF No. 77), and motions to supplement his § 2255

motion (ECF Nos. 69, 73), the latter of which include supplemental briefs in support of his request for relief. The Government filed a response to Defendant's initial motion and a response to his supplemental briefs. (ECF Nos. 65, 76.)

In his § 2255 motion and its supplements, Defendant claims that his trial counsel was ineffective for failing to call or subpoena a witness. (ECF No. 59 at Pg ID 733.) Defendant later identifies this witness as his nephew, Terance Lard, Jr. (*see* ECF No. 68), whose signed statement Defendant submits to the Court. (ECF No. 66 at Pg ID 759.) In this statement, Terance claims that he and his friends were hanging out at the house on Sloan Street on March 3, 2014, and that his friends had weapons and ammunition. (*Id.*) The weapons included a black .40 caliber and a .22 caliber. (*Id.*) Terance further states that he witnessed the guns in front of his friends the whole time, until they left them to go party. (*Id.*) Terance claims that Defendant did not stay at the Sloan Street house, but rather at his girlfriends, and that he did not know the guns and ammunition were there. (*Id.*) According to Defendant, his trial counsel interviewed Terance, but told him he was not needed as a witness. (ECF No. 68 at Pg ID 773.)

Defendant also lists "malicious prosecution" as a ground for relief in his § 2255 motion, writing in the section requesting specific facts supporting the claim: "[D]ouble Jeopardy (1) count 18 U.S.C. § 922(g)(1) (2) count 18 U.S.C.

2

§ 922(g)(1)." (*Id*. at Pg ID 734.) In an amendment to his motion, Defendant further asserts that the Government failed to produce Facebook photographs in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), which were subsequently introduced as evidence at trial. (ECF Nos. 67, 68.) Defendant claims his trial counsel was ineffective due to his failure to object to the photographs on *Brady* grounds.

**Defendant's Requests for CJA 20 Forms and Appointment of Counsel**

Defendant's motions requesting copies of his trial counsel's CJA 20 Forms are difficult to read. Nevertheless, it appears that Defendant wants the forms to prepare his ineffective assistance of counsel claim. Defendant does not establish a need for the materials, however. The forms, which provide only trial counsel's requests for reimbursement for his representation of Defendant, would not reveal a constitutional deficiency or fundamental defect in Defendant's convictions or sentence. Defendant also fails to establish a need for the appointment of an attorney to assist him in pursuing his request for collateral relief.

There is no constitutional right to counsel in proceedings under § 2255. *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). When no evidentiary hearing is required, the decision to appoint counsel for federal habeas motion proceedings is within the discretion of the court and is required only where the interests of

3

justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir.1986); *see* Rules Governing § 2255 Proceedings R. 8 ("If an evidentiary hearing is warranted, the judge must appoint an attorney …").

As will be discussed below, the Court does not find an evidentiary hearing warranted in this case. The Court also does not find that the interests of justice or due process require the appointment of counsel to represent Defendant. This is not a difficult case, Defendant has demonstrated his ability to communicate his claims, and there are no colorable claims on which Defendant has a reasonable chance of prevailing.

**Defendant's Entitlement to a Hearing**

Section 2255 states that "[u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall show cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255. The court must hold an evidentiary hearing in § 2255 proceedings in which a factual dispute arises to determine the truth of the petitioner's claims. *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (citing *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)). The Sixth Circuit has held that the burden to demonstrate entitlement

to an evidentiary hearing "is relatively slight." *Id.* Nevertheless, no hearing is required if "'the record conclusively shows that the petitioner is entitled to no relief.'" *Id.* (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). "Stated another way, 'no hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Id.*

There are no material factual disputes raised by Defendant's motion that require an evidentiary hearing. As will be discussed *infra*, the record conclusively establishes that Defendant is not entitled to relief.

**Standard of Review and Applicable Law**

A movant is entitled to relief under § 2255 "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. In order to prevail as to alleged constitutional errors, a defendant must establish "an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citation omitted). Where the defendant alleges a non-constitutional error, he must

5

establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *Id*. (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)).

### Defendant's Ineffective Assistance of Counsel Claim

In order to demonstrate that he was denied the effective assistance of trial counsel in violation of his constitutional rights, Defendant must satisfy the two-prong test outlined in *Strickland v. Washington*, 466 U.S. 668 (1984). *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). Defendant must show that: "(1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for the deficiency, the outcome of the proceedings would have been different." *Id.* at 736 (citing *Strickland*, 466 U.S. at 694).

Stated differently, to satisfy the first prong, the defendant must show that "counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment." *Strickland*, 466 U.S. at 687; *Howard .v United States*, 743 F.3d 459, 464 (6th Cir. 2014). The *Strickland* Court cautioned that when reviewing the performance of counsel, "courts should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."

*Strickland*, 466 U.S. at 690. The court must assess counsel's performance under the circumstances as they existed at the time of the alleged error, rather than from the perspective of hindsight. *Hanna v. Ishee*, 694 F.3d 596, 612 (6th Cir. 2012), *cert. denied* 124 S. Ct. 101 (2013). Counsel's tactical decisions are presumed to be part of sound trial strategy. *Varden v. Wainwright*, 477 U.S. 168, 185-87 (1986).

With respect to the second *Strickland* prong, "'[a] reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Strickland*, 466 U.S. at 736. "[T]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id*. at 686.

Defendant fails to demonstrate that his trial counsel provided ineffective assistance by not calling Terance Lard, Jr. as a witness.[1] As an initial matter, Terance's statement is neither sworn to nor made under penalty of perjury in accordance with 28 U.S.C. § 1746. As such, it is of questionable validity. *See Cress v. Palmer*, 484 F.3d 844, 855 (6th Cir. 2007). Moreover, a reasonable juror would not likely believe Terance's claim that the guns found in the Sloane Street

---

[1] Defendant also contends that his trial counsel was ineffective by promising the jury during opening statements that he would call Terance as a witness. In fact, however, trial counsel stated only that he "anticipate[d] calling" and "may call" Terance. (4/27/15 Trial Tr. Vol. 1(C) at 103, 125, ECF No. 36 at Pg ID 270, 292.)

house belonged to his friends in light of the evidence presented at Defendant's trial.

According to that evidence, when officers searched the home at 3127 Sloan Street on March 5, 2014, Defendant was the only person there and was first encountered in the hallway leading to two bedrooms. (4/27/15 Trial Tr. Vol. 1(c) at 140, 144, ECF No. 36 at Pg ID 308, 311.) When the officers entered one of those bedrooms—referred to as the northeast bedroom—there was music playing through a television. (*Id.* at 144, 149, Pg ID 311, 316.) They also found adult male clothing and a letter addressed to Defendant at the Sloan Street address, dated about a week before the search warrant was executed. (*Id.* at 148, 165, Pg ID 315, 332.) The clothes were the approximate size of Defendant, who one officer described at trial as a large man. (*Id.* at 194-95, Pg ID 361-62.)

During their search of the northeast bedroom, officers uncovered a loaded gun inside a holster in the pocket of a 5-XL jacket in the closet, a loaded .40 caliber semi-automatic handgun behind a tote, and ammunition on the top shelf of the closet. (*Id.* at 149, 151-52, 158-59, 163, 167, 210, Pg ID 316, 318-19, 325-26, 330, 334, 377.) The ammunition was loose in a plastic bag. (*Id.* at 163, Pg ID 330.)

The officers also found a billing statement from Consumers Energy, with a due date of March 11, 2014, addressed to Defendant at the Sloan Street address in the kitchen. (*Id*. at 214, 221, Pg ID 381, 388.) Additional ammunition was found in boxes in the breezeway between the house and garage and in kitchen cabinets. (*Id.* at 149, 151-52, 158-59, 163, 167, 210, Pg ID 316, 318-19, 325-26, 330, 334, 377.) Specifically, a box of approximately 72 rounds of ammunition were found in the breezeway and approximately 80 rounds of ammunition were found in two boxes in the kitchen cabinets. (201, 205, 210-22, Pg ID 368, 372, 377-78.)

Terance claims his friends had .40 caliber and .22 caliber weapons and ammunition when they were at the Sloan Street house on March 3, 2014, and left them there when they went out to party. The search of the residence occurred two days later, however. Moreover, Terance does not state that his friends hid the guns and ammunition throughout the house before they left. In any event, a reasonable juror likely would not have believed that they put them in the various locations where they were found.

Further, Terance's claim that Defendant did not stay at the Sloan Street address is contradicted by the trial testimony, evidence found at the residence, and the deed for the property which listed Defendant as an owner. (*Id.* at 166, Pg ID 333.) This includes Defendant's presence at the home when the police conducted

the search the morning of March 5, 2014, as well as the clothing items and watch the officers observed in the bedroom where two weapons were found that matched Defendant's size and/or items Defendant was wearing in Facebook photographs introduced to the jury. Among these items was the 5 XL jacket in which one of the weapons was found. The jacket did not likely belong to eighteen or nineteen year old Terance, who Betty Lard testified weighed 130 lbs. (4/28/15 Trial Tr. at 284-85, ECF No. 37 at Pg ID 451-52.)

In short, there is no reasonable probability that the results of Defendant's trial would have been different if his trial attorney had called Terance Lard, Jr. to testify. Defendant therefore fails to demonstrate that his trial counsel was ineffective for failing to call this witness.

## Double Jeopardy/Malicious Prosecution

Defendant lists these grounds for relief in his § 2255 motion but does not elaborate on how his double jeopardy rights were violated or what rendered his prosecution malicious. The Sixth Circuit has held that a § 2255 motion may be dismissed if the defendant makes merely conclusory statements without substantiating allegations of specific facts and fails to state a cognizable claim. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285

F.2d 733, 735 (6th Cir. 1961). The Court therefore rejects Defendant's conclusory assertions as grounds for relief.

## *Brady* Violation

Defendant asserts that the Government violated *Brady* by failing to disclose Facebook photographs it subsequently introduced as evidence at trial. Defendant also asserts that his trial counsel was ineffective due to his failure to object to the admission of this evidence on *Brady* grounds.

In *Brady*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused … violates due process where the evidence is material either to guilt or punishment." 373 U.S. at 87. A successful *Brady* claim requires proof that: (1) the evidence in question was favorable to the defendant; (2) the prosecutor suppressed the evidence, either purposefully or inadvertently; and (3) the prosecutor's actions resulted in prejudice. *Bell v. Bell*, 512 F.3d 223, 231 (6th Cir. 2008) (en banc) (citing *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999)). Defendant's *Brady* claim fails because the Facebook photographs were not favorable to him.

The photographs were taken from the Facebook page of Defendant or his girlfriend, Alisha Washington. (*See* 4/28/15 Trial Tr. at 253, ECF No. 37 at Pg ID 420.) At least some of the photographs had been uploaded to Facebook during the

11

time Ms. Washington claimed Defendant was living at her apartment rather than the home on Sloan Street. (Id. at 260-61, Pg ID 427-28.) The prosecutor introduced the photographs during his cross-examination of Ms. Washington, asking her to identify whether the photographs were of Defendant and whether a watch and items of clothing worn by Defendant in the photographs belonged to him. (*Id*. at 253-60, Pg ID 420-28.) He also asked Ms. Washington to verify whether some of the photographs were taken inside the Sloan Street residence based on items in the background (e.g. a crack in the cover of the toilet tank). (*Id.*)

The clothing in the Facebook photographs matched items found in the northeast bedroom on Sloan Street. (*See id.* at 324, Pg 491.) The prosecutor used the photographs to show that Defendant occupied the Sloan Street house and the northeast bedroom, specifically, which is where two of the guns were found during the search.

Because the Facebook photographs were not favorable to Defendant, the Court rejects his *Brady* claim. As there was no *Brady* violation, Defendant cannot demonstrate that his trial counsel was ineffective for failing to object to the evidence.

**Conclusion and Certificate of Appealability**

The Court is granting Defendant's motions to supplement his § 2255 motion. However, for the reasons set forth above, the Court concludes that Defendant is not entitled to § 2255 relief. The Court also concludes that Defendant does not need trial counsel's CJA 20 forms, the appointment of counsel, or an evidentiary hearing to pursue his collateral claims.

Defendant cannot appeal this decision unless he first obtains a certificate of appealability under 28 U.S.C. § 2253. *See* Fed. R. App. P. 22(b)(1). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. Governing § 2255 Cases 11(a).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires Defendant to show "that reasonable jurists could debate whether (or, for that matter, agree that) [his motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). The court is satisfied that jurists of reason would not find its ruling debatable. A certificate of appealability is therefore not warranted in this case.

Accordingly,

**IT IS ORDERED** that Defendant's motions to supplement (ECF Nos. 69, 73) are **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 59) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motions for Production of Criminal Justice Act Form 20 (ECF Nos. 63, 64) and request for appointment of counsel (ECF No. 77) are **DENIED**.

**IT IS FURTHER ORDERED** that the Court declines to issue Defendant a certificate of appealability.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 21, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 21, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager